

**FILED**

MAY 1 4 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SARAH BUCK KACHALUBA,<br><br>                     Plaintiff,<br><br>     v.<br><br>GENERAL MOTORS, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>                     Defendants. | Case No. 23-cv-02301-BEN-MMP<br><br>**ORDER GRANTING UNOPPOSED, PARTIAL MOTION TO DISMISS**<br><br>**[ECF No. 3]** |

On December 18, 2023, Defendant General Motors, LLC ("Defendant") filed a motion to dismiss the fourth and fifth causes of action alleged in Plaintiff Sarah Buck Kachaluba's ("Plaintiff") complaint pursuant to Federal Rules of Civil Procedure 9 and 12(b)(6). ECF No. 3. Plaintiff's opposition was due on January 8, 2024. *See generally* Dkt. Having considered Defendant's motion and Plaintiff's failure to oppose, which the Court construes as consent to grant the motion's request, the Court hereby **GRANTS** Defendant's unopposed motion to dismiss.

Southern District of California Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar

1

days of the noticed hearing. Local Rule 7.1.f.3.a further states that any party choosing not to oppose a motion must file a written statement that they do not oppose the motion or otherwise request for ruling by the Court. "If an opposing party fails to file the papers in the manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court." *See* Local Rule 7.1.f.3.c.

The Ninth Circuit has held that a district court may properly grant a motion to dismiss as unopposed pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to timely file opposition papers). Prior to granting an unopposed motion for dismissal, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, Plaintiff, who is represented by counsel, has had ample time to prepare a written opposition to Defendant's motion, but failed to do so. *See Holt v. I.R.S.*, 231 Fed. App'x. 557, 558 (9th Cir. 2007) (holding court did not abuse its discretion in dismissing action for failure to file an opposition and rejecting plaintiff's contention that the district court should have warned her of the consequences for failing to file an opposition). Plaintiff's failure to comply with filing deadlines favors granting Defendant's motion to dismiss in the interest of expeditious resolution. Dismissal is also appropriate as significant delay in resolution of this matter prejudices Defendant.

While public policy generally favors disposition of cases on the merits, the Court finds the fourth *Ghazali* factor weighs in favor of dismissal because Plaintiff failed to defend this motion to dismiss in any manner and offered no justification for failing to do so. With respect to less drastic measures, the Court notes that Defendant's motion does not seek to dismiss the case entirely. Instead, Defendant seeks to dismiss only Plaintiff's

fourth and fifth causes of action for fraud and violation of California Business & Professions Code §§ 17200 *et seq.* The Court will do so *without prejudice.* Accordingly, the Court finds the factors weigh in favor of granting Defendant's unopposed motion to dismiss.

For the reasons set forth above, this Court orders:

1. Defendant's unopposed motion to dismiss is **GRANTED**; and

2. Plaintiff's claims for fraud and violation of California Business & Professions Code §§ 17200 *et seq.* are **DISMISSED** *without prejudice.*

**IT IS SO ORDERED.**

Dated: May 13, 2024

Hon. Roger T. Benitez
United States District Court Judge